**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

―――――――――――――――――――――――――――

RONALD C. CREVER,

                               Plaintiff,

      v.                                                  No. 08-CV-391
                                                                (NAM/DRH)

COMMISSIONER OF SOCIAL SECURITY,

                               Defendant.

―――――――――――――――――――――――――――

**APPEARANCES:**                             **OF COUNSEL:**

RONALD C. CREVER
Plaintiff Pro Se
219 Turin Street
Rome, New York 13440

HON. RICHARD S. HARTUNIAN        TOMASINA DiGRIGOLI, ESQ.
United States Attorney for the             Special Assistant United States Attorney
    Northern District of New York
Attorney for Defendant
100 South Clinton Street
Syracuse, New York 13261-7198

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

      Plaintiff pro se Ronald Crever ("Crever") brings this action pursuant to 42 U.S.C.

§ 405(g) seeking review of a decision by the Commissioner of Social Security

("Commissioner") denying his request for waiver of recovery of an overpayment of

disability insurance benefits under the Social Security Act.  Compl. (Dkt. No. 1).  The

Commissioner moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for lack of

―――――――――――――――――

[1]This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(d).

subject matter jurisdiction.  Dkt. No. 14.  Crever has failed to respond.  For the reasons

which follow, it is recommended that the Commissioner's motion be granted and the

complaint dismissed.

## I. Procedural History

On June 11, 1996, Crever filed an application for disability insurance benefits

pursuant to the Social Security Act, 42 U.S.C. § 401 et seq, which was subsequently

awarded.  Herbst Decl. (Dkt. No. 14-5) ¶3(a).  On April 30, 2004, Crever was issued a

Notice of Overpayment ("Notice"), explaining that the Commissioner had determined

that his disability had ended and he was no longer entitled to receive benefits after

January 2000.  Id.  ¶ 3(a), Ex. 1 at 5-7.  Crever filed a request for a waiver of

overpayment, which was denied on April 2, 2005.  Id.  ¶ 3(a), Ex. 2 at 8-9.  An

additional Notice was issued on May 23, 2005, explaining that Crever's request for

waiver was denied based upon income reports discovered regarding Crever's self

employment, and advising Crever that "[i]f [he] disagree[d] in any way with this

determination, [he had] the right, within [sixty] days of the date [he] receive[d] th[e]

notice, [or within the extended time period if an extension was granted,] to request that

the determination be reviewed by an administrative law judge . . . ."  Id. ¶ 3(a), Ex. 3 at

10-11.

On April 22, 2006, Crever submitted a letter stating "that he had missed the

deadline to request a hearing because he had asked many times for a hearing but for

some reason it had never happened."   Herbst Decl. ¶ 3(b), Ex. 4 at 14-15.  Crever

sent at least one additional request for a hearing on September 28, 2007.  Compl. at 8.

2

On December 31, 2007, the Social Security Administration contacted Crever with an informational letter "about the hearing process and things that you should do now to prepare for the hearing."  Compl. at 3.[2]

On January 11, 2008, an Administrative Law Judge ("ALJ") dismissed Crever's request for the hearing as untimely because Crever failed to abide by the sixty day time limit outlined in the Notice.  Herbst Decl., Ex. 4 at 12-15.  Additionally, the ALJ found Crever's excuse for failing to timely file his request insufficient to establish good cause for the delay.  Id., Ex. 4 at 15.  On February 11, 2008, Crever filed a Request for Review of the Hearing Decision which was subsequently denied by the Appeals Council on March 26, 2008.  Id. ¶ 3(c), Ex. 5 at 16-17; Compl. at 2.  This action followed.


## II.  Discussion

 "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)).  "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1945 (2009) (citations omitted).

The United States, as a sovereign entity, is immune from suit pursuant to the terms of the Eleventh Amendment unless it consents to suit and the consent includes

---

[2] Crever indicates that this letter was received in November 2007, but the document indicates otherwise.  Compl. at 8.  As there was less than a thirty day discrepancy between Crever's testimony and the letter, it is presumed to be an unintentional misstatement of the date by Crever.

the jurisdiction of the court presiding over the suit.  Makarova, 201 F.3d at 113 (citations

omitted).  "The doctrine of sovereign immunity is jurisdictional . . . and therefore to

prevail, the plaintiff bears the burden of establishing that h[is] claims fall within the

applicable waiver."  Id. (citations omitted).  In the case at bar, the express

Congressional consent to suit can be found at 42 U.S.C. § 405(g), which authorizes

judicial review of cases arising under Title XVI of the Social Security Act.   Section

405(g) provides:

> Any individual, after any final decision of the Commissioner
> of Social Security made after a hearing to which he was a
> party, irrespective of the amount in controversy, may obtain
> a review of such decision by a civil action commenced within
> sixty days after the mailing to him of notice of such decision
> or within such further time as the Commissioner of Social
> Security may allow.

42 U.S.C. § 405(g).  It is clear from the statute that judicial review is only permitted in

accordance with the terms therein:

> The findings and decision of the Commissioner of Social
> Security after a hearing shall be binding upon all individuals
> who were parties to such hearing.  No findings of fact or
> decision of the Commissioner of Social Security shall be
> reviewed by any person, tribunal, or governmental agency
> except as herein provided.  No action against the United
> States, the Commissioner of Social Security, or any officer
> or employee thereof shall be brought under section 1331 or
> 1346 of Title 28 to recover on any claim arising under this
> subchapter.

42 U.S.C. § 405(h).

Thus, the waiver of subject matter jurisdiction is clearly limited to agency action

which is a "final decision of the Commissioner . . . made after a hearing . . . ."  42

U.S.C. § 405(g).  In order to satisfy the administrative review process, making judicial

4

review possible, a claimant must follow the three or four step process outlined in 20 C.F.R. § 404.900(a)[3].  See also Califano v. Sanders, 430 U.S. 99, 102 (1977) ("The Act and regulations thus create an orderly administrative mechanism, with district court review of the final decision of the [Commissioner]. . . .").  If the claimant fails to pursue these administrative rights, the administrative determination becomes binding.  20 C.F.R. §§ 404.905, 404.921, 404.955, 404.981.  Ordinarily, a claimant must exercise his rights under the administrative appeals structure within a specified time frame.  20 C.F.R. § 404.900(a).  However, upon a showing of good cause, an extension of time can be granted.  Id. §§ 404.909(b), 404.911, 404.933(c), 404.968(b), 404.982.

In this case, Crever received his Notice, unsuccessfully appealed the Notice for reconsideration, and then failed to submit a timely request for an administrative hearing.  As Crever failed to satisfy all the steps outlined in 20 C.F.R. § 404.900(a), as evidenced by only getting so far as requesting a hearing with an ALJ, Crever's case did not come to a final decision.  Thus, it is unreviewable.

The present status of Crever's case, namely being served with an ALJ's decision to deny an extension due to untimeliness, is also unreviewable.  Crever's request for a hearing was denied because it was filed approximately 334 days after the second Notice was served.  Herbst Decl. ¶ 3(b), Ex. 4 at 14-15.  This delay is much longer than

---

[3] To complete the administrative process, a claimant must first receive an initial determination.  20 C.F.R. § 404.900(a)(1).  If the claimant is dissatisfied with the determination, he may seek reconsideration of the initial determination.  Id. § 404.900(a)(2).  If the claimant is still unhappy with the decision upon reconsideration, he may request a hearing before an ALJ.  Id. § 404.900(a)(3).  The claimant  may request additional review from the Appeals Council.  Id. § 404.900(a)(4).  Finally, the claimant may bring the claim to federal court for review.  Id. § 404.900(a)(5).

the sixty day time frame provided to Crever in the body of the Notice.  Id. ¶ 3(a), Ex. 3

at 10-11.  Thus, Crever's request was denied by the ALJ as untimely.  "Courts have

held that dismissals of untimely requests are not reviewable by district courts because

they are not 'final decisions.'"  Oquendo v. Comm. of Soc. Sec., 98 F. Supp. 2d 507, 509

(S.D.N.Y. 2000) (citing inter alia Bacon v. Sullivan, 969 F.2d 1517, 1520 (3d Cir. 1992)

("With one exception, every court of appeals which has addressed this question has

held that the Appeals Council may dismiss untimely requests for review of ALJ

decisions, and such dismissals are not reviewable by district courts because they are

not 'final decisions.'"); Harper by Harper v. Bowen, 813 F.3d 737, 743 (5th Cir. 1987)

("The last requirement in order to have exhaustion of administrative remedies is a timely

appeal . . . [t]his requirement was not met . . . [thus t]his dismissal is not subject to

review because there was no 'final decision'" . . . . )(citations omitted); Dietsch v.

Schweiker, 700 F.2d 865, 867 (2d Cir. 1983) (holding that "dismiss[al of] an untimely

request for review . . . is not reviewable by the district court because it is not a 'final

decision' within the meaning of § 405(g)) (citations omitted)).  Thus, the court does not

have jurisdiction to decide Crever's complaint.

However,

> A waiver of the exhaustion requirement may be inferred
> where the plaintiffs' legal claims are collateral to their
> demand for benefits, where exhaustion would be a pro
> forma or futile gesture, or where the harm suffered in the
> interim would be irreparable in the sense that no post hoc
> relief would be adequate.

Smith v. Schweiker, 709 F.2d 777, 781 (2d Cir. 1983) (citations omitted).  None of these

exceptions apply in the present case.  First, Crever's challenge is not to the validity of

6

the regulations, but only to their application in denying his request to have his order to repay forgiven.  Thus, "[t]he issue in suit is identical to the administrative demand [as Crever is] . . . challenging the lawfulness of the denial, and not seeking relief other than that sought in the administrative proceeding."  Pavano v. Shalala, 95 F.3d 147, 150 (2d Cir. 1996).  Second, Crever is not challenging the constitutionality of the provision of the regulations and, thus, exhaustion is not a futile gesture.  See Ryan v. Bentsen, 12 F.3d 245, 247 (D.D.C. 1993) ("Because the constitutionality of a statutory provision is an issue beyond [the Commissioner's] competence to decide, exhaustion is futile.") (citations omitted).  Lastly, the record does not support, and Crever failed to provide, any evidence that compelling repayment would cause irreparable harm.  In fact, any allegations of such harm are questionable given the years of additional income Crever obtained, in excess of his disability payments, while he was self-employed.

Therefore, there is no indication that the exhaustion requirement should be waived and, accordingly, Crever's claim remains unexhausted and beyond this court's jurisdiction.

## II. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that the Commissioner's motion to dismiss (Dkt. No.14) be **GRANTED** and Crever's complaint be **DISMISSED WITH PREJUDICE**.

7

Pursuant to 28 U.S.C. §636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); 28 U.S.C §636(b)(1); Fed R. Civ. P. 72, 6(a), 6(e).

DATED: May 18, 2010
      Albany, New York

_____
United States Magistrate Judge